29 So.2d 589

In re ROBICHAUX.

No. 38251.

Feb. 10, 1947.

Jacob H. Morrison and Sidney C. Schoenberger, both of New Orleans, for Rita Robichaux, appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Herve Racivitch, Dist. Atty., Geo. McCulloch and Alexander E. Ralston, Jr., Asst. Dist. Attys., Geo. E. Weigel, and Geo. W. Miller, Jr., all of New Orleans, for Robert Robichaux, appellee.

HAMITER, Justice.

In a petition and an affidavit filed in the Juvenile Court of Orleans Parish, Mrs. Rita Robichaux charged that Robert Joseph Robichaux, age five years and who was born of her marriage with Robert Robichaux, is a neglected child in that he is without proper parental care or guardianship.

After receiving evidence relating to the charge, a hearing thereon having been conducted contradictorily with the child's father, the Juvenile Judge decreed that petitioner's son is not a neglected child within the meaning of Act No. 169 of 1944 governing neglected children in Orleans Parish. Further, he awarded custody of the child to the father and granted to the mother permission to see her son any day between the hours of 9:00 A.M. and 6:00 P.M. o'clock.

From the judgment Mrs. Robichaux appealed.

The record containing the transcript of testimony, which we have carefully considered, sustains the Juvenile Judge's conclusion that the charge of neglect was not proved; hence, he correctly dismissed the proceeding. It discloses that when Mrs. Robichaux filed her petition and affidavit, as well as for some months prior thereto, the parents were living separate and apart, and the child was in the care of and residing with the father. Also residing with the latter, in the home which he owned, was his sister and her husband; and while he engaged in his work, he being gainfully employed, his sister supervised and attended the child. There is no evidence whatever tending to show that the father or his sister or his

brother-in-law was in any manner unfit to enjoy the child's care or that the child did not receive adequate support and attention.

■ In our opinion, however, the Juvenile Judge was without authority or jurisdiction to award custody of the child to the father. Having found that the charge of neglect had not been proved he was legally restricted to the rendering of a decree dismissing the proceedings, thereby leaving all parties in status quo. In cases of this nature, the Juvenile Court is authorized to pass upon and determine the matter of custody only when the child is found to be neglected in accordance with the provisions of the statute. Section 12 of Act No. 169 of 1944.

Appropriate here is our decision in State v. McMillan, 191 La. 317, 185 So. 269, a case involving an almost identical factual situation and furnishing for consideration somewhat similar statutory provisions (Section 7 of Act No. 126 of the Extra Session of 1921). Therein we held that where a child is not neglected in the legal sense, the Juvenile Court has no jurisdiction to determine the question of who is entitled to its custody.

For the reasons assigned the judgment of the Juvenile Court is annulled and set aside in so far as it relates to the custody of the child, Robert Joseph Robichaux. With respect to its dismissal of the entire proceedings, however, the judgment is affirmed.